IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWIN SUM,

   Plaintiff,

v.

METROPOLITAN CASUALTY
INSURANCE COMPANY,

   Defendant.
_____/

Case No.: _____

State Case No.: 2020-CA-004821-AX

## PETITION FOR REMOVAL

**TO:**  The Honorable Judges of the United States District Court
   for the Middle District of Florida

Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY, (hereinafter "Metropolitan"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby Petitions for Removal of the above-styled action from the Circuit Court of the Twentieth Judicial Circuit, in and for Manatee County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and in support of removal states as follows:

### INTRODUCTION

1. Plaintiffs commenced an action for civil breach of contract against Metropolitan in the Circuit Court of the Twentieth Judicial Circuit, in and for Manatee County, Florida, styled *Edwin Sum v. Metropolitan Property & Casualty Insurance*

*Company*[1], Case No. 2020-CA-004821-AX. (*See* Plaintiff's Complaint, attached hereto as **Exhibit "1"**).

2. The Summons and Complaint in this case were filed in the State Court on or about December 15, 2020 and served on the registered agent on January 21, 2020. (*See* Summons, attached hereto as **Exhibit "2"**).

3. This matter arises from a claim for alleged Hurricane Irma related property damage on or about September 10, 2017 at the property located at 5849 Carriage Drive, Sarasota, Florida 34243, (the "Subject Residence"). (*See* Exh. 1, ¶¶ 6 and 7).

4. Plaintiff alleges Metropolitan provided coverage for the Subject Residence through policy number 811454856-1. (*See* Exh. 1, ¶ 5).

5. Plaintiff further alleges Metropolitan breached the subject Policy by declining "to fully indemnify Plaintiff from the amount loss." (*See* Exh. 1, ¶ 12).

6. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441. This action could have been filed originally in this Court pursuant to 28 U.S.C. § 1332, because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28. U.S.C. § 1332.

7. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02, copies of all process, pleadings, orders and other papers or exhibits filed in the state court are attached as **Exhibit "3."**

---

[1] Plaintiff sued the wrong Metropolitan entity and Metropolitan Casualty Insurance Company is the proper Defendant for removal purposes.

## DIVERSITY OF CITIZENSHIP EXISTS

8.     The Plaintiff, Edwin Sum, is now and was at the time of the filing of the Complaint, a citizen of Florida. (*See* Exh. 1, ¶ 2; **Exhibit "4,"** Warranty Deed reflecting ownership, and **Exhibit "5,"** Property Appraiser's listing reflecting the Insured's homestead election).[2]

9.     Metropolitan is now and was at the time of the filing of the Complaint a Rhode Island corporation with its principal place of business in Warwick, Rhode Island. Thus, Metropolitan is a citizen of Rhode Island. (See **Exhibit "6,"** Sunbiz Listing reflecting Metropolitan's foreign corporate status in Warwick, RI; see also 28 U.S.C. § 1332(c)(1)).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

10.    Plaintiff's Complaint seeks damages "in excess of $30,000.00 dollars" (*See* Exh. 1, ¶1).

11.    The Complaint itself does not contain allegations of the actual amount in controversy. However, the Plaintiff has provided Metropolitan with several estimates prepared by Apex Roofing & Restoration that allege a cost to repair the subject property in excess of $75,000. The most recent estimate totals $118,898.55,

---

[2] Taking a homestead exemption on property owned in Florida is determinative of domicile because, in order to claim the homestead exemption in Florida, one must make "the property his or her permanent residence . . . " Fla. Stat. §196.031(1)(a). In determining a person's permanent residency for the issuance of homestead exemption, Florida considers factors such as the place of employment, voter registration in the state, having a Florida driver's license, and vehicle registrations. Fla. Stat. §196.015. Furthermore, taking a homestead exemption on property in Florida also necessarily means that person cannot claim domicile in any other state. *See, Endsley v. Broward Cnty*, 189 So.3d 938, 943 (Fla. 4th DCA 2016), (finding it impermissible to hold homestead exemptions, both in and out of the State of Florida, under Fla. Stat. §196.031(5) and Article VII, § 6(b) of the Florida Constitution).

which exceeds the $75,000.00 jurisdictional limit of this Court. (*See* **Exhibit "7"**; s*ee also* 28 U.S.C. § 1446(b)).

12. Given the aforementioned, Metropolitan asserts that the amount in controversy in this matter is well in excess of the jurisdictional minimum, exclusive of interest and costs. *See Logsdon v. Duron, Inc.,* Case No.: 3:05-cv-243-J-16HTS, 2005 WL 1163095, at *2 (M.D. Fla. May 17, 2005) (holding that a removing defendant need only show that the amount in controversy will "more likely than not" be satisfied when a plaintiff does not claim a specific amount of damages).

## REMOVAL IS OTHERWISE PROPER

13. As the amount in controversy was established with the service of the Complaint on January 21, 2021, removal is timely pursuant to 28 U.S.C. § 1446.

14. Venue exists in the Middle District of Florida, Tampa Division, because the Circuit Court of Manatee County, Florida is located within this District and Division.

15. Written notice of the filing of the Petition for Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Circuit Court in and for Manatee County, Florida, pursuant to 28 U.S.C. § 1446(d). (A true and correct copy of Defendant's Notice to the State Court of Removal is attached hereto as **Exhibit "8"**).

WHEREFORE, METROPOLITAN CASUALTY INSURANCE COMPANY, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully requests that the above-styled

action be removed from the Circuit Court of Manatee County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

**WHITTLE LAW, P.A.**

_/s/ Shirley W. Whittle_
Shirley W. Whittle, Esquire
Fla. Bar No. 611751
9350 Bay Plaza Blvd., Suite 120-16
Tampa, FL 33619
Telephone No.: (813) 278-1100
Fax No.: (813) 699-9951
Primary E-Mail: swhittle@whittlelaw.org
Secondary E-Mail: efiling@whittlelaw.org
Attorneys for Defendant, Metropolitan Casualty Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via e-mail to: **Ustena S. Fam, Esq., Cohen Law Group, 350 North Lake Destiny Road, Maitland, Florida 32751,** ufam@itsaboutjustice.law, rachael@itsaboutjustice.law, on this _17th_ day of _February_, 2021.

_/s/ Shirley W. Whittle_
Shirley W. Whittle, Esquire
