UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWIN SUM,

    Plaintiff,

v.                                    Case No: 8:21-cv-377-KKM-AAS

METROPOLITAN CASUALTY INSURANCE COMPANY,

    Defendant.
_____

## ORDER

    Federal Rule of Civil Procedure 25(a) requires a court to dismiss an action if the plaintiff dies, the claim survives the plaintiff's death, and ninety days pass after service of a "statement noting the death." Rule 25(a)(3) requires that "[a] statement noting death must be served" "on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. Proc. 25(a)(3). Rule 25 does not specify which nonparties must be served, but courts generally agree that the representatives of the deceased plaintiff's estate or successors in interest to the claim must be served, as they are the nonparties who could prosecute the surviving claim. *See Diamond Resorts Int'l, Inc. v. US Consumer Att'ys, P.A.*, No. 18-80311-CIV, 2020 WL 11423190, at *3 (S.D. Fla. Oct. 13, 2020) (Reinhart, M.J.); *Williams v. Scott*, No. 07-22617-CIV, 2011 WL 541343, at *3 (S.D. Fla. Feb. 8, 2011)

(Ungaro, J.); *see also Powell v. United States*, 800 F. App'x 687, 705 (11th Cir. 2020) (per curiam) (noting that the there was no duty to serve any estate or successor where, "by every indication[, the party] had no representatives of his estate or successor").

The Court previously concluded that the only nonparty who must be served under Rule 25 to start the ninety-day clock was Jinghua Liu, Plaintiff Edwin Sum's widow and the only identified successor to Sum. (Doc. 44.) Metropolitan Casualty Insurance Company served Liu with a notice of Sum's death on February 14, 2022. (Doc. 48; Doc. 49.) Ninety days have passed since Metropolitan served Liu and Metropolitan now moves to dismiss this case with prejudice. (Doc. 50.)

Because ninety days have passed since Metropolitan served Liu and no party has moved to substitute as plaintiff for Sum, the Court agrees that the case must be dismissed. *See* Fed. R. Civ. P. 25(a)(1). The Court does not agree, however, that dismissal should be with prejudice. Ordinarily, a dismissal is with prejudice only when it is "on the merits." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). A dismissal with prejudice might also be warranted as a sanction for litigation misconduct. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). This dismissal is not "on the merits" and there is no alleged litigation misconduct by Sum that warrants a dismissal with prejudice. Moreover, Metropolitan offers no argument for why dismissal should be with prejudice. Accordingly, the Court **GRANTS-IN-PART**

Metropolitan's Motion to Dismiss, (Doc. 50), and **DISMISSES** this case **WITHOUT PREJUDICE.** The Clerk is directed to **ENTER JUDGMENT** in Defendant's favor, to **TERMINATE** any other pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on May 17, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge